## O'HALLORAN *v.* SULLIVAN.

In a petition for a mechanics' lien, it is sufficient to describe the lot as being " number seven hundred and fifty-one in the city of Dubuque ;" and the following description of the house was held to be sufficiently certain : " a brick house, upon said lot, to be twenty feet by thirty, two stories high, and a cellar."

If there was a want of common certainty in such a description of the lot, it was incumbent upon the defendant to show wherein the defect or uncertainty consisted.

The defendant waives any irregularity in the filing of a *precipe*, by appearing and pleading in the case.

ERROR, *to Dubuque District Court.*

This was a petition filed by M. J. Sullivan against B. J. O'Halloran, for a mechanics' lien. The defendant pleaded the general issue, and notice of set-off. Trial by jury, and a verdict of one hundred dollars for the plaintiff below.

*S. Hempstead,* for the plaintiff in error.

*T. Davis* and *P. Smith,* for the defendant.

*Opinion by* WILLIAMS, C. J. There are two errors assigned in this case by the attorney for the plaintiff in error.

1st. That the petition does not describe, with common certainty, the tract of land, or town lot, upon which said lien is intended to operate.

2d. There was no precipe filed in the case in which the name of the action is specified, according to the form of the statute in such case made and provided.

The *Rev. Stat.,* 381, § 2, provides " that the suit shall be commenced by bill or petition, describing with common certainty the tract of land, town lot, building, mill, or machinery, upon which said lien is intended to be made to operate."

There is no bill of exceptions or other proceeding of record in the case, by which this court can know what evidence was adduced on the trial below, touching the description of the lot

and building the plaintiff sought to make subject to the lien and judgment by virtue of the statute. We cannot go after matter out of the record to impeach or contradict what there appears. The only thing before us containing a description of the lot or building is the petition of the plaintiff. Does that describe the property, on which the lien is intended to be made to operate, with common certainty? In it the property is thus described : " A certain lot of ground situate *in* the city of Dubuque, and known and described as lot number seven hundred and fifty-one ;" and further states, that "the said O'Halloran entered into a contract with your petitioner to build a certain brick house upon said lot of the description following : that is to say, to be twenty feet by thirty, two stories high, and a cellar under said house, and to be finished by the 25th day of October next." Is there common certainty, as by the statute is required, in this description. If the description here given were not such as, by the recorded plat of the city of Dubuque, would be found to be correct ; or if by any other means it could have been made to appear that the property is not described with common certainty, it was incumbent on the defendant to make the defect in the description manifest by proof in accordance with law. Upon failure to do this, the legal presumption is in favor of the proceedings of the court below. The error complained of must be in matter of record in order to entitle the party complaining to an adjudication of this court. Adopting this legal presumption as here stated, how stands this case ? In his petition the plaintiff describes the property, on which he seeks to secure his lien and judgment, as " situate in the city of Dubuque, lot number seven hundred and fifty-one." We have no legal way of discovering that this does not describe the lot with the usual and common certainty. A particular lot in a regularly laid out town, or city, is usually found to contain a given quantity of land, according to the survey and plat recorded, and by its number can be readily found and known. It has been urged here, that there are in-lots and out-lots, according to the manner in which the city of Dubuque is laid out. How this may

be, we know not from the record; we find nothing there to authorize us to adjudicate that fact. For aught that appears before us, the description of the property is given in the petition, so far as the lot is concerned, with the certainty required by the statute.

How is it as to the building? This is described as upon the lot above alluded to. Its length, breadth, and height are set forth, with the addition of a cellar; and it is called a brick house. We think it would not require any unusual and arduous exercise of official acumen on the part of the proper functionary of the law to avoid mistake in finding the property described, and applying properly the process of law consequent upon the lien and judgment, should such process be issued. It is our opinion that, as this case is presented to this court, by the record, the statute has been complied with.

The second and only remaining assignment of error is answered by the record. It there appears, by endorsement on the back of the petition, that Crawford and Rogers, attorneys, filed their precipe in the following words: "The clerk will please issue a summons returnable to June term of the district court for 1846." The record shows that the defendant, without objection as to this point, proceeded to a trial by jury, on the merits of the case, on issue joined. By his pleading to the merits and making up his part of the issue, the legal presumption is, that he ascertained satisfactorily the character and name of the action, and waived the requirement of the statute as to the precipe.

The judgment of the court below is affirmed, and a *procedendo* awarded.

Judgment affirmed.